IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

BOBBY DANIEL                                                    PLAINTIFF

v.                          CIVIL NO. 5:24-05108-TLB-CDC

CAROLYN COLVIN, Acting Commissioner
Social Security Administration                                  DEFENDANT


**REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE**

Plaintiff, Bobby Daniel, appealed the Commissioner's denial of benefits to this Court.  On September 5, 2024, U.S. District Timothy L. Brooks adopted the undersigned's Report and Recommendation, granting the unopposed remand of Plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 16).

**1.      Background**

On December 2, 2024, Plaintiff filed a Motion seeking an award of attorney's fees in the amount of $6,087.00 under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA") as well as recovery of the $405 filing fee.  (ECF No. 17).  Defendant responded, offering no objection, on December 4, 2024. (ECF No. 19).  The Motion was referred to the undersigned for recommendation.

**2.      Applicable Law**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified.  The burden is on the Commissioner to show substantial justification for the government's denial of benefits.  *Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir. 1986) ("The [Commissioner] bears the burden of proving that its position in the administrative and judicial

1

proceeding below was substantially justified.")  An EAJA application must be made within thirty

days of a final judgment in an action, *see* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the

sixty-day period for an appeal has expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion

of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C.

§ 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985.  *See Gisbrecht v. Barnhard,* 535

U.S. 789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme

Court stated that Congress harmonized an award of attorney's fees under the EAJA and under 42

U.S.C. § 406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)], but the claimant's attorney must "refund[d] to the claimant the amount of the smaller fee." . . .  "Thus, an EAJA award offsets an award under Section 406(b), so that the [amount of total past-due benefits the claimant actually receives] will be increased by the . . . EAJA award up to the point the claimant receives 100 percent of the past due benefits."

*Id.*  Furthermore, awarding fees under both acts facilitates the purpose of the EAJA, which is to

shift to the United States the prevailing party's litigation expenses incurred while contesting

unreasonable government action.  *See id.; see also Cornella v. Schweiker,* 728 F.2d 978, 986 (8th

Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour.  *See* U.S.C. §

2412(d)(2)(A).  A court is authorized to exceed this statutory rate if "the court determines that an

increase in the cost of living or a special factor, such as the limited availability of qualified

attorneys for the proceedings involved, justifies a higher fee."  *Id*.  A court may determine that

there has been an increase in the cost of living and may thereby increase the attorney's rate per

hour, based upon the United States Department of Labor's Consumer Price Index ("CPI").  *See*

*Johnson v. Sullivan*, 919 F.2d 503, 504 (8th Cir. 1990). Pursuant to General Order 39[1], which references the CPI- South Index, the Court has determined that enhanced hourly rates based on a cost-of-living increase is appropriate.

**3.      Discussion**

In the present action, Plaintiff's case was remanded to the Social Security Administration on the unopposed motion of Defendant. (ECF No. 16). The Court first construes Defendant's lack of objection concerning substantial justification and prevailing party status as an admission that the Government's decision to deny benefits was not "substantially justified" and thus, Plaintiff is the prevailing party.

Defendant does not object to the hourly rates claimed by Plaintiff. Hourly rates are authorized by the EAJA so long as the CPI-South Index justifies this enhanced rate. *See* General Order 39; *see also* 28 U.S.C. § 2412(d)(2)(A) and *Johnson,* 919 F.2d at 504. The Court finds the CPI-South Index authorized an hourly rate of $245 during 2024 and the undersigned will employ this hourly rate when calculating Plaintiff's fees. Plaintiff also seeks recovery of fees for work performed by a paralegal at the hourly rate of $75 which is the rate customarily awarded for paralegal work in this District.

Plaintiff seeks compensation for 24.6 hours of attorney legal work during 2024 at $245 per hour plus 0.80 hours of paralegal work at $75 per hour. Defendant does not object to these hours. After independent review of Plaintiff's itemized submissions, the Court finds counsel's claimed

---

[1] Per General Order 39, the allowable rate for each year is as follows, and for simplicity's sake, the figure is rounded to the next dollar:

2024 – 298.754 x 125 divided by 152.4 (December 2023 CPI – South) = $245.04 ~ $245.00.

time was both reasonable and necessary. The undersigned recommends Plaintiff be awarded attorney's fees for 24.6 hours of attorney work during 2024 at an hourly rate of $245, and 0.80 hours of paralegal work at a rate of $75 hour.

Plaintiff is also entitled to recover the filing fee of $405 which is not paid as an expense under EAJA but instead should be paid from the Judgment Fund administered by the U.S. Treasury. *See* 28 U.S.C. § 2412(a).  The Court will award the filing fee as costs. 28 U.S.C. §1920.

The undersigned recommends that Plaintiff's Motion for Attorney Fees (ECF No. 17) be **GRANTED,** and **Plaintiff awarded $6,087 in legal fees and $405 in costs for a total award of $6,492.00.**  This amount paid in addition to, and not out of, any past due benefits which Plaintiff may be awarded in the future.  Pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521 (2010), the EAJA award must be awarded to the "prevailing party" or the litigant.  However, if Plaintiff has executed a valid assignment to Plaintiff's counsel of all rights in a fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded directly to Plaintiff's counsel.  The parties are reminded that the EAJA award herein will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, to prevent a double recovery by counsel for Plaintiff.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the District Court.**

**RECOMMENDED** this 9th day of December 2024.


_Christy Comstock_

CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE